KINGS COUNTY.—HON. ABRAHAM LOTT, SURRO-
GATE.—October, 1887.

CROSSMAN *v.* CROSSMAN.

*In the matter of the estate of* HENRY CROSSMAN, *deceased.*

The law favors the theory of the vesting of estates created by will, where
a question arises as to whether a lapse has occurred.

Decedent's will directed that the executors set apart $100,000 out of his
estate, apply the income to the use of his wife for life, and, "from
and after her death, pay over the said sum of $100,000 to our adopted
son, H., if he shall then have arrived at the age of 28 years"; with a
provision for the contingencies of (1) the widow's death while H. was
under that age, and (2) the son's death under that age, leaving no law-
ful issue; but none for (3) the event,—which occurred,—of the son's
death, at the age of more than 28 years, during the widow's lifetime.
In the first event, the ultimate disposition was for the exclusive bene-
fit of the son. Upon an accounting, after the death of H., and dur-
ing the widow's lifetime,—

*Held,* that the $100,000 vested in H. on his arrival at the age of 28 years,
and passed by his will, subject to the life right of decedent's widow.

Lane v. Brown, 20 *Hun,* 382—compared.

UPON a judicial settlement of the account of execu-
tors of decedent's will, objections were filed by all
the parties whose interests were adverse to the claims
of the estate of Henry C. Crossman, a deceased son
of the testator.

The will of decedent provided that the executors
"do set apart of my estate the sum of $100,000; and
keep the same invested and out at interest, and that
they apply the interest or income therefrom to the
use of my said wife . . . . . during the term of her
natural life, and that from and after her death they

pay over the said sum of $100,000 to our adopted son, Henry C. Crossman, if he shall then have arrived at the age of twenty-eight years, but if at the decease of my wife he shall not have arrived at the age of twenty-eight years then my executors are directed to keep the same invested until he shall have arrived at that age, and that they apply the interest or income to his use, and on his arrival at the age of twenty-eight years, the said principal and the accumulated interest (if any) is to be paid to him, but if my said adopted son shall die before he arrives at the age of twenty-eight years, and not leaving lawful issue him surviving, then the said sum of one hundred thousand dollars shall be divided as follows: "

The residuary clause read thus: "Seventh. All the rest, residue and remainder of my estate, real and personal . . . . . I do give, devise and bequeath unto my adopted son, Henry C. Crossman, to be paid over to him when he shall have arrived at the age of twenty-eight years; if my said adopted son shall depart this life without having attained the age of twenty-eight years, and leaving lawful issue him surviving, then my said residuary estate shall be paid over to his issue, but if he shall die under that age and without leaving lawful issue him surviving then the whole income of my said residuary estate shall be applied to the use of my wife for and during her natural life, and upon her decease the principal is to be divided among my next of kin and heirs at law, as if I had died intestate."

Henry C. Crossman died after attaining the age of twenty-eight years, during the widow's lifetime, and leaving a will.

CROSSMAN V. CROSSMAN.

JAMES R. STEERS, JR., *for executors.*

HAROLD VERNON, *for Wm. H. Crossman and others.*

DAILY & BELL, *for E. R. Westphal.*

JAS. A. HUDSON, *for J. F. Macarthy.*

EUGENE SMITH, *special guardian.*

THE SURROGATE.—Henry C. Crossman attained the age of twenty-eight years, and the testator must be deemed to have intended that then the bequest of $100,000 should vest, although payment was deferred until the death of the testator's widow. We are to encourage, always, a construction which leads to the vesting of legacies, and seek diligently for such purpose and intention (Smith v. Edwards, 88 *N. Y.*, 109).

The direction to the executors to pay the $100,000 to Henry C. Crossman when he arrives at the age of twenty-eight is absolute, save that the executors are to hold that sum, for the purpose of paying the income to the testator's widow during her life; and it is only in the event of the death of Henry under the age of twenty-eight years that others are to take.   The legacy to Henry C. Crossman vested upon his attaining the age of twenty-eight years, because the statute declares that future estates are vested where there is a person in being who would have an immediate right to the possession of the lands upon the ceasing of the intermediate or precedent estate (1 R. S., 723, § 13); and it is further provided that limitations of future or contingent interests in personal property shall be subject to this rule (id., 773, § 2).

Henry C. Crossman, at the age of twenty-eight

years, would have an immediate right to the possession of his legacy, upon the ceasing of the intermediate or precedent estate, unless it is conceded as claimed by the contestants there was no gift of this legacy save in the direction to pay upon the death of the testator's widow, and that, for that reason, vesting was deferred until such event.

The like claim was made in a case where the wording of the will bore a close resemblance to the wording of the will in question but the court denied the construction here contended for by the contestants (Lane v. Brown, 20 *Hun*, 382). The cases cited for the contestants mainly arose upon contingent devises and bequests, and deal principally with the statute against perpetuities and with conditions not found in this will. It will be observed that there is no gift over in the event, which has occurred, of Henry dying over twenty-eight years of age during the life of Mrs. Crossman (unless it was to Henry as residuary legatee). It would be unreasonable to suppose that the testator intended to give to the issue of Henry the fund, did Henry die before he was twenty-eight, and yet intend to cut off both him and his issue, if he died after the age of twenty-eight and during the life of testator's widow. The technical rule relied upon by the contestants must give way to the intention of the testator where that sufficiently appears. I also think that, if there was a lapse, Henry would take as residuary legatee.

In respect to the income of the residuary estate the executors properly claim that such income devolved upon Henry C. Crossman, under the Revised Statutes (1 R. S., 726, § 40).

The contestants having no interest in this matter, their objections to the executors' account must be dismissed.